**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Faycal Manz,** <br><br> Plaintiff, <br><br><br> v. <br><br><br> **Restaurant Los Tacos No. 1,** <br><br> Defendant. | Case No. 1:24-CV-07457-DEH <br><br><br> **PLAINTIFF'S MOTION TO CHALLENGE THE DEPOSITION NOTICE AND REQUEST FOR EXPENSES** |

**TO THE HONORABLE JUDGE OF THIS COURT:**

Faycal Manz ("Plaintiff"), pro se, hereby files this Motion to Challenge the Deposition Notice and Request for Expenses and respectfully requests this Honorable Court to intervene and provide relief as detailed herein.

## I.    INTRODUCTION

Plaintiff, currently residing in Schemmerhofen, Germany, has been directed to appear in person for a deposition at the defendant's attorney's office in New York City, as per the notice dated March 3, 2025. The deposition is scheduled for April 1, 2025, at 1 Penn Plaza, New York, NY. The Defendant's counsel has explicitly stated that they will not compensate the Plaintiff for any travel expenses incurred

to attend this deposition. Given the significant financial burden this imposes on the Plaintiff, he respectfully requests the Court to intervene.

## II.    FACTUAL BACKGROUND

1.    This action arises from an incident that occurred on August 25, 2024, at Restaurant Los Tacos No. 1, located in New York, NY, where Plaintiff alleges, he sustained injuries due to the Defendant's negligence in failing to provide adequate warnings about the spice levels of their food offerings. Following the filing of this lawsuit, discovery processes were initiated to substantiate the claims and defenses presented.

2.    On March 3, 2025, Defendant's counsel, Anthony Bianchi, Esq., of the Law Offices of Shahab Katirachi, issued a notice requiring Plaintiff to appear in person for a deposition in New York City. It was further communicated to the Plaintiff that he would be responsible for all costs associated with his travel to and from the deposition, including international airfare, accommodations, and other incidentals.

3.    Plaintiff resides in Schemmerhofen, Germany, which necessitates substantial international travel to comply with the deposition notice. The costs associated with such travel are estimated to be around 1,000 USD. This imposition is particularly burdensome given that the Plaintiff is managing his litigation pro se and has not been offered compensation for these expenses by the Defendant or their counsel. This situation raises significant concerns regarding fairness and the equitable management of discovery in this case.

## III.    LEGAL STANDARD

4.      The legal framework for conducting depositions, including the location and reimbursement of expenses associated with depositions, is governed by the Federal Rules of Civil Procedure (FRCP). Specifically, FRCP Rule 30 outlines the procedures for depositions by oral examination, and FRCP Rule 26 covers general provisions governing discovery, including the allocation of expenses.

**A.      Deposition Locations and Reasonable Conditions**

5.      FRCP Rule 30(b)(2) states that the court may, for cause shown, alter the location of a deposition "to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense." This provides a basis for the court to intervene and order changes to deposition arrangements if they are found to place an undue burden on a party, particularly a pro se litigant like the Plaintiff.

**B.      Recovery of Expenses**

6.      FRCP Rule 26(b)(2)(C) mandates that the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

7.      The court has the authority to protect pro se litigants from incurring significant expenses that could impede their ability to maintain litigation

effectively. The burden of excessive costs can be deemed to obstruct meaningful access to legal remedies, thereby creating an imbalance in the judicial process.

## C.    Sanctions and Cost Shifting

8.    Under FRCP Rule 37(a)(5), if the motion to compel is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

9.    Given that the Plaintiff is required to travel internationally to attend the deposition, and considering the substantial costs associated with such travel, the Plaintiff seeks relief under these rules. The motion contends that requiring a pro se litigant to bear such costs is an undue burden and that the expenses should rightly be shifted to the Defendant pursuant to the rules governing the conduct of discovery and the equitable treatment of litigants within the federal judicial system.

## IV.    ARGUMENT

## A.    Imposition of Undue Burden by Requiring In-Person Deposition in the United States

10.    The requirement for the Plaintiff to travel from Germany to New York for an in-person deposition imposes significant financial and logistical burdens. The associated costs, approx. 1000 USD, are substantial for a pro se litigant. Such burdens are exacerbated by the Plaintiff's status as an individual litigant without the backing of corporate or insurance support, unlike the Defendant.

11.    The Federal Rules of Civil Procedure advocate for fairness in discovery processes. Forcing the Plaintiff to incur such expenses to attend a deposition, particularly when alternatives such as video conferencing are technologically feasible and legally permissible, represents an imbalance in litigation resources and accessibility. The imposition of these costs is effectively punitive and restricts the Plaintiff's ability to maintain this action.

**B.    Appropriateness of Remote Deposition Under FRCP Rules**

12.    Modern technology readily supports remote deposition methods that are both cost-effective and efficient. The Federal Rules and several court precedents support the use of such technologies to conduct depositions, especially where significant travel is involved. Remote depositions would not only reduce costs but also minimize disruptions caused by international travel.

13.    **FRCP Rule 30(b)(4)**: This rule explicitly provides for the court to order that a deposition be taken by telephone or other remote means. It is particularly applicable here, where the physical presence of the Plaintiff is not required for the effective transmission of testimony.

**C.    Legal Basis for Shifting Deposition Costs**

14.    Under FRCP Rule 37(a)(5), if the court finds that the deposition notice or manner of taking the deposition caused undue burden or expense, it may rule to protect the deponent and shift the costs to the requesting party. This provision is intended to prevent economic intimidation and ensure fairness in legal processes, particularly for individuals who may lack the financial resources of their opposing parties.

15.    The courts have consistently held that access to justice should not be impeded by financial obstacles. Imposing the burden of travel costs on a foreign pro se litigant contradicts the principles of equitable treatment and fair access to legal resources.

**D.    Request for Protective Order**

16.    The Plaintiff requests the court to issue a protective order modifying the terms of the deposition to either a location within a reasonable distance from the Plaintiff's residence or to allow the deposition to occur via remote communication methods.

17.    Should the court determine that an in-person deposition is necessary, it is requested that the Defendant be ordered to bear the travel and accommodation costs of the Plaintiff to prevent an undue financial burden on the Plaintiff and to uphold the principles of fairness and justice.

## V.    REQUEST FOR RELIEF

Considering the arguments presented and the provisions of the Federal Rules of Civil Procedure, Plaintiff respectfully requests the Court to grant the following relief:

i.    Modify the conditions of the deposition to allow it to be conducted via remote electronic means such as video conferencing, thereby preventing undue burden and expense on the Plaintiff.

ii.    Alternatively, if the Court finds an in-person deposition necessary, order the deposition to be relocated to a venue closer to the Plaintiff's

current residence in Germany, or require the Defendant to fully reimburse the Plaintiff for all travel and accommodation expenses incurred due to the deposition.

iii. Compel the Defendant to pay reasonable expenses, including but not limited to travel, accommodation, and daily allowances, that the Plaintiff will incur to attend the deposition, as justified under FRCP Rule 37(a)(5), which provides for the award of expenses when a motion to compel is granted.

iv. As the Court deems just and proper under the circumstances to ensure equity and fairness in the continuation of these proceedings.

Respectfully submitted,

_____

Faycal Manz

Plaintiff Pro Se

Wolfeschle 6

88433 Schemmerhofen, Germany

Email: manz2010@gmx.ch

Mobile: +491573095037

**Germany, 26th March 2025**

7