# Law Offices of Shahab Katirachi

Employees of a Subsidiary of The Hartford Insurance Services Group, Inc.

PENN 1, One Pennsylvania Plaza
50th Floor / Suite 5003
New York, NY 10119

OFFICE:
Telephone (212) 553-8700
Facsimile (877) 369-5797

*Anthony Bianchi, Esq.*

Admitted in New York

Direct Dial:  (212) 553-8737
Email: Anthony.Bianchi@thehartford.com

March 28, 2025

**Via ECF**
Magistrate Judge Henry J. Ricardo
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    Faycal Manz v. Restaurant Los Tacos No. 1
> Opposition to Plaintiff's Motion to Challenge Deposition Notice
> and Request for Expenses
> Docket No.: 1:24-CV-7457-DEH-HJR

Dear Magistrate Ricardo,

I am writing to you on behalf of the Defendant, LTN1 Times Square, LLC d/b/a Los Tacos 1, in opposition to the Plaintiff's motion to challenge the deposition notice and request for expenses.

The Plaintiff, currently residing in Germany, has filed a motion challenging the Defendant's deposition notice requiring his appearance in New York City and requesting the Court to shift the associated travel expenses to the Defendant or, alternatively, move the location of the Deposition closer to the Plaintiff. We respectfully request that the Court deny the Plaintiff's motion for the following reasons:

1. **Lack of Merit**: The Plaintiff's motion lacks merit as it fails to demonstrate undue burden or justifies the need for cost-shifting under the Federal Rules of Civil Procedure. The notice issued by Defendant's counsel on March 3, 2025, complies with FRCP Rule 30, and the Plaintiff has not demonstrated sufficient cause for a protective order and relief requested.

2. **Reasonableness of Deposition Location**: Under the FRCP, a party may be required to attend a deposition at a location specified in the notice unless a protective order is granted. "As a general rule, 'the party noticing the deposition usually has the right to choose the location,'". *Buzzeo v. Board of Educ., Hempstead*, 176 F.R.D. 390, 392 (E.D.N.Y. 1998) (Boyle, Mag. J.) (quoting 7

*Moore's Fed Practice-Civil* 30.20[1][b][ii]; *Robert Small Inc. v. Hamilton*, No. 09 Civ. 7171, 2010 U.S.Dist. LEXIS 59023, at \*2 (S.D.N.Y. June 10, 2020) (Cott, Mag.J.); see also Fed. R. Civ. P. 30(b)(1).

Here, the requirement for Plaintiff to attend the deposition in New York is reasonable given the location of the incident and the Defendant's business operations. The incident occurred at Restaurant Los Tacos No. 1 in Manhattan, making it a reasonable location for the deposition. Plaintiff's estimated travel costs of $1,000 are not excessive in the context of international litigation. Further, Plaintiff presents no suggestion that immigration, illness or infirmity are barriers to him getting on a flight to New York City for his deposition. In fact, since the filing of this motion, Plaintiff was able to and  made travel arrangements to submit to the deposition in Manhattan on April 1, 2025.

3. **Necessity of In-Person Deposition**: While FRCP Rule 30(b)(4) allows for remote depositions, the requesting party must demonstrate that remote means are necessary and will not prejudice the opposing party. Here, Plaintiff has not shown that a remote deposition is necessary or that it would not prejudice the Defendant's ability to conduct an effective examination. An in-person deposition is crucial to assess the Plaintiff's demeanor and credibility, key issues in this case.

The case of *United States v. The M/Y Amadea*, 23 Civ. 9304 (DEH) (S.D.N.Y. Nov 15, 2024), provides an example where an adequate basis for an in-person deposition was found due to the centrality of the witness's credibility. In arguing for the in-person deposition of one of the defendants to be held at a particular location, the Government's position was that it believed the defendant was lying and "where credibility is at stake, [an] in-person deposition is important and remote deposition is no adequate substitute." ECF No. 156, at 2. Although the Court noted that "conducting depositions 'remotely is becoming the new normal' *Rouviere*, 471 F.Supp.3d 574", it went on to state "[b]ut even so, district courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness." Id. at \*10. It is respectfully submitted that this case underscores the importance of in-person depositions when credibility is a central issue.

Here, Plaintiff alleges personal injuries, including "severe burns to the mouth and tongue … gastrointestinal distress (Diarrhea, etc.), emotional distress … and loss of enjoyment … blood pressure must have increased too"; however, there are no medical records and plaintiff acknowledges that he sought no medical treatment at any time after the alleged consumption of "extremely spicy sauces" on August 25, 2024. See Plaintiff's Responses to Defendant's First Set of Interrogatories and Plaintiff's Response to Defendant's Notice to Produce dated December 26, 2024, copies of which are annexed hereto, collectively, as **Exhibit "A"**. It is submitted that, in this case where no documentary evidence exists to support his injury claims, Plaintiff's credibility is a key issue and an in-person appearance at a deposition in New York City is appropriate.

4. **Efficiency and Expediency**: Conducting the deposition in New York City with all parties and a German interpreter present, if requested by Plaintiff, would also expedite the deposition process where numerous documents are expected to be marked as exhibits. The Plaintiff's personal appearance in New York is warranted.

5. **Plaintiff's Choice of Forum**: By choosing the Southern District of New York as the forum for this case, the Plaintiff implicitly agreed to bear the normal costs and inconveniences associated with litigating in this forum, such as travel for depositions. See *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 54 F.R.D. 280 (S.D.N.Y. Dec. 09, 1971) (Defendant successfully moved to vacate a protective order allowing plaintiff to take a deposition in Germany of one if its own executive officers where the plaintiff chose New York as its forum and there was no showing of burden and undue hardship to the plaintiff); see also *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (Typical practice provides that each party to a lawsuit nears its own attorney fees and expenses).

6. **Cost-Shifting Not Justified**: Although, FRCP Rule 37(a)(5) allows for cost-shifting if the court finds that the deposition notice caused undue burden or expense, cost-shifting is not automatically justified by the mere presence of travel costs. In *Caldwell v. Polk*, 1:19-cv-10256-GHW (S.D. N.Y. Jun 28, 2021), the Court highlighted that the economic impact on the party required to pay fees does not inherently make the award of fees "unjust." *Caldwell* involved the imposition of an award of fees upon a Plaintiff and his counsel for their failure to provide discovery resulting in the defendant having to file a motion to compel. Id. at 86. This suggests that simply demonstrating that travel costs are significant is not sufficient to shift them onto the Defendant. See also, *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 15-cv-2739 (LAP) (S.D.N.Y. Sep 09, 2016) (The court considered travel costs as part of the forum non conveniens analysis and emphasized that these costs must be shown to be "excessively burdensome"; supporting the notion that travel costs alone, without being excessively burdensome, do not warrant cost-shifting).

It is submitted that Plaintiff has not demonstrated that the travel costs are so excessively burdensome or unjust to warrant cost-shifting. Plaintiff's estimated travel costs are not excessive, and Plaintiff has not provided evidence of financial hardship that would justify cost-shifting. His discovery responses readily acknowledge coming to New York City for vacation in August 2024 and since the filing of the motion, plaintiff has made arrangements to be in Manhattan on April 1 for the agreed upon deposition date.

It is respectfully submitted, therefore, that Plaintiff's estimated travel costs are not excessive, and the Plaintiff has not provided any evidence of financial hardship that would justify shifting the cost of his expenses, including travel, accommodation and "daily allowances" onto the Defendant. For the foregoing reasons, we respectfully request that the Court deny the Plaintiff's motion to challenge the deposition notice and request for expenses. We further request any other relief the Court deems just and proper.

Thank you for your consideration.

Respectfully submitted,

Anthony Bianchi, Esq.

CC.: Faycal Manz via ECF