UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Faycal Manz,<br><br>       Plaintiff,<br><br>    v.<br><br>Restaurant Los Tacos No. 1,<br><br>       Defendant. | 24 Civ. 7457 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff Faycal Manz initiated this tort action against Defendant Restaurant Los Tacos No. 1 alleging that he sustained several injuries after consuming various hot sauces at the Defendant's restaurant. ECF No. 1. Before the Court are Plaintiff's motion for default judgment against Defendant, *see* ECF No. 18, and Defendant's opposition to that motion, *see* ECF No. 32. Here, the Court construes Defendant's opposition as a motion for relief from entry of default pursuant to Rule 55(c).[1] For the reasons that follow, Defendant's motion for relief from default is **GRANTED** and Plaintiff's motion for default judgment is **DENIED AS MOOT**.

BACKGROUND

  Plaintiff filed his Complaint on October 2, 2024. ECF No. 1. On October 15, 2024, Plaintiff filed an Affidavit of Service which states that the summons and Complaint were served on an individual referred to as "Migual P.," who is described a "manager" at Defendant's restaurant. ECF No. 11. Defendant failed to respond or otherwise move with respect to the Complaint. As a result, on November 7, 2024, the Clerk of Court issued a Certificate of Default against Defendant. ECF No. 16. That same day, Plaintiff filed a Motion for Entry of Default

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

Judgement, a Declaration in Support of Motion, and a Proposed Default Judgment.  ECF Nos. 18, 19, and 20.  Plaintiff later filed a second Declaration in Support of Motion on November 11, 2024.  ECF No. 21.  Several days later, Plaintiff filed a Certificate of Service stating, *inter alia*, "that all documents in support of the request for Default Judgment . . . have been mailed to the Defendant . . . [via] FedEx International Priority Express."  ECF No. 22.  Then, on November 18, 2024, Plaintiff filed "proof-of-delivery" of the Motion for Default Judgment on the docket.  ECF No. 23.

By Order dated November 19, 2025, this Court instructed the Plaintiff to "(1) file a letter on ECF by November 25, 2024, describing any communication he has had with Defendant after filing this lawsuit and describing its efforts to provide Defendant with actual notice (not proof of service) of this lawsuit (not proof of generalized customer complaints); and (2) proof of service of the motion for default judgment."  ECF No. 24.  In a letter response that same day, Plaintiff indicated that he "ha[d] not had any further communication with Defendant after filing the lawsuit" and that "proof of service . . . can be found in ECF No. 22 and No. 23."  ECF No. 25.

On November 22, 2024, Defendant filed a Notice of Appearance, *see* ECF No. 26, and subsequently filed its Answer, *see* ECF No. 27.  On November 25, 2024, Defendant filed a Letter Motion requesting that (1) the Clerk's Certificate of Default Judgment be vacated, (2) the Defendant's Answer be deemed served *nunc pro tunc*,[2] and (3) the case be removed to New York State Court for lack of diversity jurisdiction.  ECF No. 29.  First, however, the Court ordered Defendant to respond to Plaintiff's Motion for Default Judgment.  ECF No. 28.  Accordingly, Defendant filed its opposition to the Motion for Default Judgment on December 9, 2024, *see* ECF No. 32, and Plaintiff proceeded to file several documents in response, *see* ECF Nos. 40, 41, and 42.

---

[2] The Court later granted this request on December 11, 2024.  *See* ECF No. 34 ("Application for extension of time to file answer is GRANTED *nunc pro tunc*.").

## LEGAL STANDARDS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Unless the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). Once the clerk has entered a party's default, the "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default . . . : (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Once a default has been entered, "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

## DISCUSSION

**I.    Relief from Default**

As previously noted, the Court construes Defendant's opposition to Plaintiff's motion for default judgment as a motion for relief from entry of default. *See Meehan*, 652 F.2d at 276. Again, this inquiry turns on (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. The Court addresses each factor in turn.

**A.    Willfulness**

The Second Circuit has "interpreted willfulness, in the context of a default, to refer to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers*, 779 F.3d at 186. But "a finding of bad faith is not a

3

necessary predicate to concluding that a defendant acted willfully." *Id.* at 187. "Rather, it is sufficient to conclude that the defendant defaulted deliberately." *Id.*

The Court concludes that Defendant's default was not willful. While Defendant failed to timely respond to Plaintiff's Complaint (ECF No. 16), it subsequently appeared via counsel (ECF No. 26), filed an Answer (ECF No. 27), filed a letter motion (ECF No. 29), and opposed Plaintiff's motion for default judgment (ECF Nos. 31 and 32). *See Cadles of Grassy Meadows II, LLC v. St. Clair*, No. 10 Civ. 1673, 2010 WL 11651584, at *2 (E.D.N.Y. Dec. 15, 2010) (finding defendants' default was not willful where "they answered the original Complaint" and "intended to contest Plaintiff's motion for a default judgment"); *see also Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 261 (E.D.N.Y. 2024) (finding defendant's default was not willful where defendant appeared through counsel, was granted an extension of time to answer, filed two pre-motion letters, and appeared for two pre-motion conferences). Ultimately, Defendant's participation in this lawsuit thus far "preclude[s] a finding that Defendant [] simply ignored with Complaint without action" and persuades this Court that its default was not willful. *Windward Bora, LLC*, 717 F. Supp. 3d at 261.

**B.     Prejudice**

It is well established that "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.*

Here, the Court finds that vacating the entry of default would not unduly prejudice Plaintiff. Plaintiff argues that allowing Defendant to contest default "would undermine the judicial efficiency and the timely resolution of disputes" and that Defendant's delay "has already imposed significant burdens on the Plaintiff, who has prepared his case based on the timelines and

procedural expectations set forth by the court." ECF No. 41 at 4. Plaintiff adds that "additional delays exacerbate [] difficulties" such as "emotional and financial stress associated with prolonged litigation." *Id.* Again, delay alone does not amount to prejudice. Moreover, Plaintiff fails to allege that any such delay has already or will cause a loss of evidence, make discovery more difficult, or increase the risk of fraud or collusion. These facts, coupled with the Second Circuit's general "preference that litigation disputes be solved on the merits, not by default," persuade the Court that Plaintiff will not be prejudiced if the entry of default is vacated here. *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995).

### C. Meritorious Defenses

Because there is no finding of willfulness or prejudice to the Plaintiff, the Court need not decide whether Defendant presents any meritorious defenses. *See Cabrera v. Freedom Mortg. Corp.*, No. 23 Civ. 10556, 2024 WL 1805558, at *3 (S.D.N.Y. Apr. 25, 2024) ("Even if Defendants had not shown a meritorious defense on any of Plaintiff's claims, the other factors ultimately weigh in favor of setting aside the default."); *see also Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) ("Having found that the entry of default judgment failed on both the wilfulness and prejudice prongs of the factors considered in determining whether to open a default judgment, we need not address the 'meritorious defense' prong to find that default judgment was improperly granted by the District Court.").

Ultimately, because the willfulness and prejudice factors weigh in favor of doing so, the Court concludes that there is good cause to set aside the Clerk's entry of default against Defendant.

## CONCLUSION

In sum, Defendant's motion for relief from default is **GRANTED** and Plaintiff's motion for entry of default judgment is **DENIED AS MOOT**. The Clerk of Court is respectfully requested to terminate ECF No. 18. SO ORDERED.

Dated: May 30, 2025

     New York, New York

_/s/ Dale E. Ho_

DALE E. HO
United States District Judge
