UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FAYCAL MANZ,

                                    Plaintiff,                        **NOTICE OF MOTION**

                                                                     Case No:  1:24-CV-07457-DEH

            -against-

RESTAURANT LOS TACOS NO. 1,

                                    Defendant.
-------------------------------------------------------------------X

            PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support

of Defendant's Motion for Summary Judgment dated July 29, 2025, the Defendant moves this

Court, before the Honorable Dale E. Ho, at the United States Courthouse, 500 Pearl Street, New

York, NY, for an Order pursuant to Fed. R. Civ. P. 56(a) granting summary judgment in favor of

the Defendant, LTN1 TIMES SQUARE, LLC d/b/a LOS TACOS 1 i/s/h/a RESTAURANT LOS

TACOS NO. 1, and dismissing the Plaintiff's Complaint in its entirety, and for such other and

further relief as this Court deems just and proper.

Dated:  New York, NY
            July 29, 2025

                                                    Respectfully submitted,

                                                    *Anthony Bianchi*
                                                    Anthony Bianchi (AB04885)
                                                    LAW OFFICES OF SHAHAB KATIRACHI
                                                    Attorneys for Defendant
                                                    LTN1 TIMES SQUARE, LLC d/b/a LOS TACOS 1
                                                    i/s/h/a RESTAURANT LOS TACOS NO. 1
                                                    One Pennsylvania Plaza, Suite 5003,
                                                    New York, New York 10119
                                                    Tel. No:  212-553-8700
                                                    File No.: Y2ML55784

To:     FAYCAL MANZ
        Plaintiff *Pro Se*
        Wolfeschle 6
        Schmmerhofen, Germany 88433
        Manz2010@gmx.ch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FAYCAL MANZ,                                          Case No: 1:24-CV-07457-DEH

                            Plaintiff,

        -against-

RESTAURANT LOS TACOS NO. 1,

                            Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

                           Respectfully submitted,

                           *Anthony Bianchi*

                           Anthony Bianchi (AB04885)
                           LAW OFFICES OF SHAHAB KATIRACHI
                           Attorneys for Defendant
                           LTN1 TIMES SQUARE, LLC d/b/a LOS TACOS 1
                           i/s/h/a RESTAURANT LOS TACOS NO. 1
                           One Pennsylvania Plaza,
                           Suite 5003,
                           New York, New York 10119
                           Tel. No: 212-553-8700
                           File No.: Y2ML55784

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..i
INTRODUCTION……………………………………………………………………..1
STATEMENT OF FACTS……………………………………………………………..1
ARGUMENT
    I. LEGAL STANDARD………………………………………………………..2

    II. PLAINTIFF'S NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW…….2
        A. No Duty to Warn of Spiciness…………………………………………….3
        B. Plaintiff Assumed the Risk…………………………………………...4
        C. Lack of Causation ……………………………………………………6

III. PLAINTIFF'S EMOTIONAL DISTRESS CLAIM IS LEGALLY INSUFFICIENT.
………………………………………………………………………………………8

IV. PLAINTIFF'S CLAIM FOR ECONOMIC DAMAGES IS NOT RECOVERABLE
……………………………………………………………………………………..10

V. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS NOT RECOVERABLE
…………………………………………………………………………………...…10
CONCLUSION……………………………………………………………...…..12

# TABLE OF AUTHORITIES

<u>Cases</u>

*Akins v. Glens Falls City School Dist.*, 53 N.Y.2d 325 (1981) .......... 2
*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320 (1986) .......... 8
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......... 2
*Boggs v. State*, 51 Misc.3d 376 (Ct. of Claims 2015) .......... 9
*Comeau v. Wray*, 241 A.D.2d 602 (3d Dept. 1997) .......... 3
*C.W. ex rel Wood v. Textron, Inc.*, 807 F.3d 827, 838 (7th Cir. 2015) …….. 7
*Fane v. Zimmer*, 927 F.2d 124 (2d Cir. 1991) .......... 6
*Fujitsu Ltd. v. Fed Express Corp.*, 247 F.3d 423 (2d Cir. 2001) .......... 2
*Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183 (11th Cir. 2010) .......... 7
*Holcomb v. Iona Coll.*, 521 F.3d 130 (2d Cir. 2008) .......... 2
*Johnson v. State*, 37 N.Y.2d 378 (1975) .......... 8
*Kaempfe v. Lehn & Fink Prods. Corp.*, 21 A.D.2d 197 (1st Dept. 1964), aff'd, 20 N.Y.2d 818 (1967) .......... 4
*Kennedy v. McKesson Co.*, 58 N.Y.2d 500 (1983) .......... 10

*Kirilescu v. Am. Home Prods. Corp.*, 278 A.D.2d 457 (2d Dept. 2000) .......... 4

*Krasnopolsky v. Warner-Lambert Co.*, 799 F. Supp 1342, 1348 (E.D.N.Y. 1992) ......... 6

*Marinaccio v. Town of Clarence*, 20 N.Y.3d 506 (2013), denying reargument, 21 N.Y.3d 976 (2013) .......... 10

*Montessi v. Am. Airlines,* Inc., 935 F. Supp. 482, 486 (S.D.N.Y. 1996) ....... 7

*Ornstein v. NYC Health & Hosps. Corp.*, 10 N.Y.3d 1 (2008) .......... 8

*Pasik v. Abra Dipping Co.*, 2022 N.Y. Mics. LEXIS 42508 (Slip Op 34852(U) (Sup. Ct. Nassau Cty. Apr. 11, 2022)....... 4

*Rocanova v. Equitable Life Assur. Socy. of U.S.*, 83 N.Y.2d 603 (1994) .......... 11

*Ruggiero v. Perdue Poultry Co.*, 1997 WL 811530, *2 (S.D.N.Y. Sept. 29, 1997) ....... 8

*Scotto v. Almenas*, 143 F.3d 105 (2d Cir. 1998) .......... 2

*Sharapata v. Town of Islip*, 56 N.Y.2d 332 (1982) .......... 11

*Turcotte v. Fell*, 68 N.Y.2d 432 (1986) .......... 5

*Valenti v. Great Atl. & Pac. Tea Co.*, 207 A.D.2d 340 (2d Dept. 1994) .......... 7

*Willis v. Amerada Hess Corp.*, 379 F.3d 32 (2d Cir. 2004) .......... 6

<u>Statutes and Regulations</u>

Fed. R. Civ. P. 56(a) .......... 2

N.Y. Agric. & Mkts. Law § 199-F .......... 4

N.Y. Pub. Health Law § 1356 .......... 4

21 C.F.R. § 101.22(h) .......... 4

## INTRODUCTION

Defendant, LTN1 TIMES SQUARE, LLC d/b/a LOS TACOS 1 i/s/h/a RESTAURANT LOS TACOS NO. 1 ("Los Tacos" or "Defendant"), respectfully submits this Memorandum of Law in support of its motion for summary judgment. Plaintiff, FAYCAL MANZ ("Manz" or "Plaintiff"), a German tourist proceeding *pro se*, alleges that he suffered physical and emotional injuries after voluntarily consuming spicy salsa at Defendant's self-service condiment bar within its Mexican restaurant located at 229 W. 43rd Street, New York, NY. Plaintiff seeks $100,000 in damages for gastrointestinal distress, mouth and tongue blisters, elevated heart rate, and emotional distress. However, Plaintiff's claims fail as a matter of law because:

1. There is no duty under federal or state law to label condiments with spiciness levels;
2. Plaintiff voluntarily assumed the risk of consuming unfamiliar food;
3. Plaintiff has not presented any admissible evidence of injury or damages;
4. Plaintiff's emotional distress claim lacks the required "guarantee of genuineness" to be compensable.

## STATEMENT OF FACTS

Plaintiff visited Defendant's restaurant on August 25, 2024, during a vacation to New York City.(ECF No. 1, Compl. at 2 and 5, ECF No. 7, Pl.'s Lett. at 2.1, Ex. A, Pl.'s Dep. Tr. at 14:6-15:7, 70:11-25). At defendant's restaurant, plaintiff applied red and green sauces from a self-service bar to his tacos without knowing their contents or spiciness (ECF No. 1, Compl. at 5, Ex. A, Pl.'s Dep. Tr. at 17:11-19:3, 19:16-21, 20:23-21:2, 29:4-10, 31:9-14). He claims that the green sauce was "very hot spicy," causing an immediate burning sensation in his mouth and tongue, along with an elevated pulse (as recorded by his Apple Watch), and subsequent gastrointestinal symptoms including diarrhea and nausea (ECF No. 1, Compl. at 5, Ex. A, Pl.'s Dep. Tr. at 22:4-

24, 31:15-32:3, 46:5-11). He further alleges that the sauce containers lacked any labels or warnings (ECF No. 1, Compl. at 5). Plaintiff did not seek medical treatment and has not produced any medical records or expert medical opinion as to his claim of injury (Ex. A, Pl.'s Dep. Tr. at 66:21-25, 76: 23-77:10 and 25, 78:2-5, 92:14-19, Ex. E, Pl.'s Resp. to First Set of Interr. at ¶¶ 18, 19,  Ex. F, Pl.'s Resp. to Def.'s Not. to Prod. dated 12/26/24 at ¶¶ 1-3, 9-11, Ex. G, Pl.'s Resp to Not. To Prod. Dated 2/27/25 at ¶ 1, Ex. H, Pl.'s Not. of Exp. Witness). He claims emotional distress and loss of enjoyment of his vacation, and seeks damages for pain and suffering, emotional harm, and economic loss (ECF No. 1, Compl. at 4).

## ARGUMENT

### I. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim." Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir. 2008). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Moreover, the non-movant "may not rely on conclusory allegations or unsubstantiated speculation." Fujitsu Ltd. V. Fed Express Corp., 247 F.3d 423, 428 (2d Cir. 2001) *quoting* Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

## II. PLAINTIFF'S NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW

To establish negligence under New York law, a plaintiff must show: (1) a duty owed by the defendant; (2) a breach of that duty; (3) the defendant's breach caused the plaintiff's injuries; and (4) that the plaintiff suffered damages. See Akins v. Glens Falls City School Dist., 53 N.Y.2d 325, 333 (1981). Plaintiff fails on all elements.

### A. No Duty to Warn of Spiciness

Generally, there is no duty to warn against dangers that would be obvious to a reasonable person. See Comeau v. Wray, 241 A.D.2d 602, 603 (3d Dept. 1997) (The duty to warn is "[e]ncompassed" in the duty to use reasonable care; "there is generally no duty to warn of conditions that can be easily recognized or discovered by the normal use of one's senses").

It is submitted that the Defendant had no duty to warn the Plaintiff about the spiciness of the green salsa sauce because the risk associated with consuming an unlabeled sauce in a self-service area in a Mexican restaurant is open and obvious to a reasonable person. The spiciness of salsa is a subjective but commonly understood characteristic. It is not a hidden or latent danger, but rather a quality that is generally anticipated by consumers. The color and placement of the sauce would alert a reasonable patron to the possibility of spicy ingredients. The plaintiff is an adult and it would be reasonable to expect that he would have sampled a small amount before adding a large quantity to his tacos. The Defendant's restaurant is known for serving Mexican food, which is commonly associated with spicy flavors and which the plaintiff should reasonably have been aware of.

Here, the Plaintiff chose Defendant's restaurant because he wanted to try tacos for the first time. (ECF No. 1, Compl. at 5, Ex. A, Pl.'s Dep. Tr. at 15:16-16:3 and 20-23, 26:19-22). He purchased three tacos at the counter, then added sauces himself to all three tacos. (ECF No. 1, Compl. at 5, Ex. A, Pl.'s Dep. Tr. at 17:11-18:19, 29:4-10). However, before doing so, the Plaintiff did not ask anyone at the restaurant about the tacos or the sauces, including their contents. (Ex. A, Pl.'s Dep. Tr. at 18:11-12 and 20-19:3, 31:9-14). He applied sauces without knowing their taste or spiciness, notwithstanding the fact that he knowingly had a sensitive gastrointestinal tract, could not tolerate spicy foods, and, undoubtedly, did not consume spicy foods in his native Germany. (ECF No. 1, Compl. at 5 and 6, ECF No. 7, Pl.'s Lett. at 2.8, Ex. A, Pl.'s Dep. Tr. at 19:16-18, 21:3-8, 34:25-35:2-3, 50:11–51:15). Thus, the risk associated with consuming an unlabeled sauce in a self-service area in a Mexican restaurant is open and obvious to a reasonable person and, therefore, Defendant neither owed nor breached any duty to the Plaintiff. Even the Plaintiff's wife surmised that the green sauce contained a chili-base spice when the Plaintiff called to report the incident to her immediately after it occurred. (Ex. A, Pl.'s Dep. Tr. at 33:14-17).

Additionally, the absence of any statute or regulation requiring restaurants to label the spiciness of condiments further supports the argument that no duty exists. There is no federal or New York State law requiring restaurants to label the spiciness of condiments. New York legislation regarding food-related warnings is in the context of food allergies and intolerances. See N.Y. Agric. And Mkts. Law § 199-F; N.Y. Pub. Health Law § 1356. Even then, a food provider is not liable for injuries resulting from "some allergy or other personal idiosyncrasy of the consumer, found only in an insignificant percentage of the population." Kaempfe v. Lehn & Fink Prods. Corp., 21 A.D.2d 197, 201 (1st Dept. 1964), aff'd, 20 N.Y.2d 818 (1967). Under federal

regulations, which preempt state law, spices may be listed generically as "spice", unless they are major allergens. See 21 C.F.R. § 101.22(h); *see also* <u>Pasik v. Abra Dipping Co.</u>, 2022 N.Y. Mics. LEXIS 42508 (Slip Op 34852(U) (Sup. Ct. Nassau Cty. Apr. 11, 2022). Compliance with federal labeling standards preempts state tort claims based on alleged inadequacy of warnings. <u>Kirilescu v. Am. Home Prods. Corp.</u>, 278 A.D.2d 457 (2d Dept. 2000).

Here, the Defendant provided a standard self-service sauce area, consistent with industry practice, and did not breach any duty by not labeling the sauce as spicy. No regulations required labeling of spicy sauces. Other similar establishments do not label sauces for spiciness and no prior complaints or incidents were received by Defendant. (Ex. B, Perel Decl. ¶¶ 4, 6). Accordingly, Defendant has established, *prima facie*, that there was neither a duty owed nor breached by Defendant. (see Rule 56.1 ¶ 36; Perel Decl. ¶ 6)

## B. Plaintiff Assumed the Risk

Defendant further submits that a plaintiff who voluntarily exposes himself to a known risk cannot recover for injuries resulting from that risk. Under New York law, a plaintiff who voluntarily assumes a known risk cannot recover for resulting injuries. See <u>Turcotte v. Fell</u>, 68 N.Y.2d 432 (1986).

Here, the Plaintiff assumed the risk of consuming a quantity of sauce in a restaurant serving Mexican cuisine, which is commonly known to be spicy. The plaintiff admitted to having a sensitive stomach and being susceptible to gastrointestinal distress from spicy foods. Plaintiff voluntarily selected and consumed the sauce without inquiring about its contents. (Ex. A, Pl.'s Dep. Tr. at 18:11-12 and 20-19:3, 19:16-21, 20:23-21:8, 21:12–22:21, 31:9-14, 52:3–52:24). The Plaintiff did not ask staff at Defendant's restaurant about the sauce. (Id. at 18:11-12 and 20-19:3,

31:9-14). The Plaintiff added a lot of sauce without tasting it first. (Id. at 19:19-21, 20:23-21:2, 21:12-22:3, 30:13-23). He admits in his Complaint that he "started putting a lot of these sauces inside my tacos" without knowing what they were. (ECF No. 1, Compl. ¶ III). This omission is significant, as it demonstrates a conscious choice to proceed in the face of a known risk. The Plaintiff is an adult and responsible for his own food choices. The Plaintiff had pre-existing gastrointestinal issues. (ECF No. 1, Compl. at 6, ECF No. 7, Pl.'s Lett. at 2.8, Ex. A. Pl.'s Dep. Tr. at 50:11–51:15, Ex. I, Aff'd Rep. of Dr. Ahmad). Notwithstanding his "sensitive stomach" and intolerance to spicy food, the Plaintiff consumed the sauce in a Mexican restaurant without first inquiring about its contents or spiciness or taste testing it. This demonstrates an assumption of a known risk to this plaintiff. The risk of gastrointestinal distress from consuming spicy salsa is both personal (due to the plaintiff's sensitivity) and, to some extent, general (as salsa is commonly understood to be spicy). By voluntarily consuming the green sauce with knowledge of his sensitivity, the Plaintiff assumed the risk of adverse effects. The Defendant is therefore relieved of liability in negligence, and the claim should be dismissed.

**C. Lack of Causation**

   In addition to the lack of duty as referred to above, it is submitted that the Plaintiff cannot demonstrate that his alleged injuries were proximately caused by any negligent conduct on the part of the Defendant.

   Expert testimony is required when the factual content of the underlying issues is not found within the laypersons' common knowledge and experience. Fane v. Zimmer, 927 F.2d 124, 131 (2d Cir. 1991) (affirming the trial court's directed verdict for the defendant because, absent expert medical testimony on the issue of causation, the plaintiffs could not prove the elements of strict

liability or negligence); *see also* <u>Willis v. Amerada Hess Corp.</u>, 379 F. 3d 32, 46 (2d Cir. 2004) (Where a causal link is beyond the knowledge or expertise of a lay jury, "expert testimony is required to establish causation."); <u>Krasnopolsky v. Warner-Lambert Co.</u>, 799 F. Supp 1342, 1348 (E.D.N.Y. 1992) ("Notably, the [plaintiffs] have failed to submit any type of expert proof, in an affidavit or otherwise, which would establish any causation between [plaintiff's] injury and the alleged negligence of [defendant].")

Thus, summary judgment is appropriate where required expert testimony is absent from the record. *See* <u>In re Mirena II</u>, 387 F. Supp. 3d at 342; *see also, e.g.*, <u>C.W. ex rel Wood v. Textron, Inc.</u>, 807 F.3d 827, 838 (7th Cir. 2015) ("With no experts to prove causation . . . the appellants cannot prove their toxic-tort case . . . [and] summary judgment . . . was proper.") <u>Hendrix ex rel. G.P. v. Evenflo Co.</u>, 609 F.3d 1183, 1203 (11th Cir. 2010) ("Without this [expert] testimony there is no genuine dispute of material fact regarding causation . . . [and] the district court's grant of summary judgment on plaintiff's sole remaining claim was appropriate).

Here, the Plaintiff admittedly testified that he did not seek any medical attention for the symptoms he was allegedly experiencing and failed to designate any expert to show causation. (Ex. H, Pl.'s Not. of Exp. Witness). Plaintiff has no medical records to support his claims. (Ex. A., Pl.'s Dep. Tr. at 66:21-25, 76: 23-77:10 and 25, 78:2-5, 92:14-19, Ex. E, Pl.'s Resp. to First Set of Interr. at ¶¶ 18, 19,  Ex. F, Pl.'s Resp. to Def.'s Not. to Prod. dated 12/26/24 at ¶¶ 1-3, 9-11, Ex. G, Pl.'s Resp to Not. To Prod. Dated 2/27/25 at ¶ 1.) His alleged symptoms—burning tongue, gastrointestinal distress, and elevated heartbeat—are self-reported and unsupported by expert testimony or documentation. (Id. at 31:20–32:11; 46:6–49:23). There is also no corroborating evidence that for plaintiff's claim that he was free from gastrointestinal issues prior to the incident,

nor is there any objective confirmation of his subjective complaints. In the absence of expert testimony, all that remains are the Plaintiff's conclusory and speculative allegations that his symptoms were caused by the salsa. It is respectfully submitted that the Plaintiff's allegations, on their own, are not evidence, so there is no evidence from which a reasonably jury could conclude that Defendant's sauce caused his injuries. *See* Montessi v. Am. Airlines, Inc., 935 F. Supp. 482, 486 (S.D.N.Y. 1996) ("[T]he bald statement . . . that [plaintiff] is suffering . . . ailments as a result of the incidents complained of — is the epitome of a legal conclusion and thus insufficient to establish a genuine issue of material fact for trial."); Valenti v. Great Atl. & Pac. Tea Co., 207 A.D.2d 340, 341 (2d Dept. 1994) (Summary judgment for defendant against plaintiff who claimed that she saw and possibly ate a worm in canned food shortly before suffering "flu-like symptoms"; court notes "There are many different causes of nausea, vomiting and stomach distress."); Ruggiero v. Perdue Poultry Co., 1997 WL 811530, *2 (S.D.N.Y. Sept. 29, 1997) (Denying plaintiff's motion for partial summary judgment in contaminated food case where there was no evidence of proximate cause to support plaintiff's claims of a rash and prolonged vomiting and diarrhea).

In the case at bar, the Plaintiff's alleged symptoms could be attributable to other causes (travel, diet, stress), including his pre-existing sensitive stomach, and without medical evidence, the claim remains speculative. Defendant's independent medical examination by Dr. Ahmad found the symptoms, as conveyed to him by Plaintiff after eating a spicy sauce and tacos, were likely related to capsaicin, an ingredient of chili peppers, and that how people react to this varies, with some people having no adverse effects and some people having more severe gastrointestinal complaints. The Plaintiff had never tried tacos with hot sauce. Dr. Ahmad noted that people with

8

underlying gastrointestinal issues can be more sensitive to the effects of capsaicin; however, he further noted that the effects of capsaicin do not cause any long-term sequelae, as was the case of the Plaintiff, who recovered fully. (Ex. I, Aff'd Rep. of Dr. Ahmad). Thus, as Plaintiff has failed to provide any objective medical evidence to establish causation, summary judgment is appropriate. See Alvarez v. Prospect Hosp., 68 N.Y.2d 320 (1986).

## III. PLAINTIFF'S EMOTIONAL DISTRESS CLAIM IS LEGALLY INSUFFICIENT

Plaintiff's claim for negligent infliction of emotional distress also fails. Under the standard articulated in Ornstein v. NYC Health & Hosps. Corp., 10 N.Y.3d 1 (2008), a plaintiff must show:

1. A breach of duty owed directly to the plaintiff;
2. Emotional harm as a direct result of the breach;
3. A "guarantee of genuineness" of the emotional harm.

Id. at 4.

As explained in Johnson v. State, 37 N.Y.2d 378 (1975), recovery for emotional harm requires "evidence sufficient to show causation and substantiality of the harm suffered, together with a 'guarantee of genuineness.'" Id. at 382. The circumstances must be such that there exists a "guarantee that the claim is not spurious". Id. Courts have found such guarantees in limited circumstances, such as the negligent transmission of a death notification or mishandling of a corpse. See Boggs v. State, 51 Misc.3d 376 (Ct. of Claims 2015) (To recover on a claim for negligent infliction of emotional distress, the circumstances must provide some indicia of reliability.)

New York courts consistently require objective evidence—typically in the form of medical or psychological documentation—to substantiate claims of severe emotional distress. Mere

subjective assertions, conclusory statements, or generalized allegations of emotional upset are insufficient as a matter of law.

Plaintiff's allegations of distress from consuming spicy salsa do not rise to this level and lack any indicia of genuineness. The Plaintiff's claim of emotional distress fails because the emotional distress is neither serious nor verifiable to be compensable. The distress alleged herein is based on subjective experience, not objective physical harm. There is neither evidence of medical or psychological treatment for distress nor is the Plaintiff's alleged emotional distress severe, diagnosed, or supported by medical evidence. The Plaintiff has set forth no medical or psychological records whatsoever. (Ex. A, Pl.'s Dep. Tr. at 66:21-25, 76: 23-77:10 and 25, 78:2-5, 92:14-19, Ex. E, Pl.'s Resp. to First Set of Interr. at ¶¶ 18, 19,  Ex. F, Pl.'s Resp. to Def.'s Not. to Prod. dated 12/26/24 at ¶¶ 1-3, 9-11, Ex. G, Pl.'s Resp to Not. To Prod. Dated 2/27/25 at ¶ 1). Moreover, the Plaintiff continued his trip, even visiting the U.S. Open Tennis Championship on several days after the alleged incident, and there is no evidence of any lasting impact of his gastrointestinal discomfort. (Ex. A, Pl.'s Dep. Tr. at 37:11-18, 70:2-71:11, 72:23-73:5, 75:3-9, 79:24-80:2 and 25, 81:2-15, Ex. E, Pl.'s Resp. to First Set of Interr. at ¶¶ 18, 19,  Ex. F, Pl.'s Resp. to Def.'s Not. to Produce dated 12/26/24 at ¶¶ 1-3, 9-11, Ex. G, Pl.'s Resp. to Def.'s Not. To Prod. at ¶ 1). .Accordingly, summary judgment dismissing plaintiff's claim for negligent infliction of emotional distress is warranted.

## IV. PLAINTIFF'S CLAIM FOR ECONOMIC DAMAGES IS NOT RECOVERABLE

Plaintiff seeks reimbursement for his airfare and hotel expenses. (ECF No. 1, Compl. ¶ IV; Ex. A, Pl.'s Dep. Tr. at 13:14–14:22). These are not recoverable in a personal injury action absent a showing of physical injury and causation. See Kennedy v. McKesson Co., 58 N.Y.2d 500 (1983).

There is no evidence that the Defendant's conduct directly caused the vacation to be ruined or that the expenses were incurred as a result of the Defendant's actions. Moreover, the Plaintiff's assertion that the vacation was "ruined" is inherently subjective and dependent on personal taste or fancy. The Plaintiff's claim for $100,000 is, therefore, speculative and unsupported by evidence of actual loss or expense. Plaintiff's vacation-related expenses are, therefore, not compensable under New York tort law and summary judgment dismissing plaintiff's claim for economic damages is warranted.

## V. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS NOT RECOVERABLE

Plaintiff seeks punitive damages. (ECF No. 1, Compl. ¶ IV). However, for an award of punitive damages, the defendant's conduct must demonstrate egregious wrongdoing; a standard that significantly exceeds ordinary negligence. "[T]he standard for imposing punitive damages is a strict one and punitive damages will be awarded only in exceptional cases…". Marinaccio v. Town of Clarence, 20 N.Y.3d 506, 511 (2013), denying reargument, 21 N.Y.3d 976 (2013). The conduct justifying punitive damages must be "egregious tortious conduct" manifesting "spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton." Rocanova v. Equitable Life Assur. Socy. of U.S., 83 N.Y.2d 603, 613 (1994) and Marinaccio, 20 N.Y.3d at 511; Sharapata v. Town of Islip, 56 N.Y.2d 332, 335 (1982) (punitive damages "may only be awarded for exceptional misconduct which transgresses mere negligence…".). For the reasons cited above demonstrating a lack of negligence on the part of the Defendant, plaintiff's claim for punitive damages must be dismissed as a matter of law.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant summary

judgment in its favor and dismiss the Complaint in its entirety, with prejudice.

Dated: New York, New York
      July 29, 2025

                    Respectfully submitted,

                    *Anthony Bianchi*

                    Anthony Bianchi (AB04885)
                    LAW OFFICES OF SHAHAB KATIRACHI
                    Attorneys for Defendant

                    LTN1 TIMES SQUARE, LLC d/b/a LOS TACOS 1
                    i/s/h/a RESTAURANT LOS TACOS NO. 1
                    One Pennsylvania Plaza, Suite 5003
                    New York, New York 10119
                    Tel. No:  212-553-8700